**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

MICHAEL DUANE MARLIN,                                           PLAINTIFF
#08387-003

v.                          No. 2:05CV00017 JLH

JOSE JIMENEZ, *et al.*                                         DEFENDANTS

## ORDER

The Court has received and reviewed the Proposed Findings and Recommended Disposition from Magistrate Judge John F. Forster, Jr. Document #155. After a careful review of the findings and recommendation, the timely objections received thereto, and a *de novo* review of the relevant portions of the record, the Court concludes that the findings and recommendations should be, and hereby are, approved and adopted as this Court's findings with the following exceptions:

1.     Even disregarding the supplemental declaration of Stephen Smith submitted with his objections to the proposed findings and recommendation, and reviewing only the evidence presented to the Magistrate Judge, the Court can find no evidence that Smith was deliberately indifferent to any serious medical needs that Marlin had. The declaration of Edna Prince, M.D. [Exhibit D to the Memorandum in Support of Motion to Dismiss or, in the Alternative, Motion for Summary Judgment] states:

> (4) Inmate Marlin arrived at FCC Forrest City (Low) on January 12, 2004, with a neck brace. Inmate Marlin was medically unassigned until it could be determined what work, if any he could do. In the time period after he arrived, he was observed walking to the Health Service, Food Service and Recreation Departments without a neck brace, without a wheelchair, without crutches or any other assistance.
>
> (5) Inmate Marlin demonstrated his ability to perform daily life activities, i.e., dress, clean and feed himself. After those and other observations were made, inmate Marlin was assigned to work but was given restrictions including no heavy lifting, no

prolonged standing and a lower bunk. Inmate Marlin was allowed to keep crutches for use as needed.

Smith's declaration states, in pertinent part, "I assigned inmate Marlin to work in the Education Department and later to the Facilities Department doing routine office work, I.E. [sic], filing and sorting papers." There is no evidence that this assignment was inconsistent with Smith's medical condition or was made with deliberate indifference to any serious medical needs of Marlin. Therefore, summary judgment is granted in favor of Stephen Smith.

2. The undisputed facts show that the only grievance for which Marlin has exhausted his administrative remedies was grievance No. 345061. The records of the Bureau of Prisons show that this grievance was received on July 28, 2004. Marlin notes that the Form BP-9 is dated April 1, 2004. It is undisputed that Marlin was first transferred to the unit managed by Jill Dube-Gilley (the Wynne Lower Unit) on September 17, 2004. Whether grievance No. 345061 commenced on April 1, 2004, or on July 28, 2004, either date is before the date on which Marlin first was transferred to the unit managed by Dube-Gilley. Therefore, Marlin cannot have exhausted his administrative remedies as to any grievance that he may wish to assert against Dube-Gilley. Therefore, summary judgment is granted in favor of Dube-Gilley.

The Magistrate Judge recommended granting summary judgment as to all of Marlin's claims and dismissing them with prejudice except as to the claims against Smith and Dube-Gilley. Summary judgment will be granted on those claims as well. All of Marlin's claims will be dismissed with prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the Judgment entered pursuant to this Order would not be taken in good faith.

IT IS SO ORDERED this 31st day of August, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE